ROBERT MCCLAIN vs. DAVIS TILLSON.

Lincoln. Opinion January 27, 1890.

*Fish. Bay. Entrance. "Land to land." R. S., c. 40, § 17.*
*Act of 1885, c. 261.*

Fishing for menhaden with purse or drag seines, in a bay on our coast not having an entrance over three nautical miles in width between headlands on the main, or between the mainland and an island, or between islands, is prohibited by c. 261 of the public laws of 1885, defining the width of such entrance or any part thereof to such prohibited waters, measured from "land to land."

AGREED STATEMENT.

This was an action of debt to recover the penalty for an alleged violation of the provisions of R. S., c. 40, § 17 and amendments thereof regulating the taking of migratory fish. It was admitted that on the 16th day of August, 1888, the steamer Hurricane, owned by the defendant, was engaged in fishing for menhaden with a purse seine, and that menhaden were taken, at a point northerly of Indian Island, in Muscongus Bay, Lincoln County.

The court was to render such judgement as the law and facts require.

*T. P. Pierce*, for plaintiff.

The entrance to Muscongus Bay, where the fish were taken, is more than three nautical miles wide if islands are not to be considered in construing the statute; otherwise, the fishing was in prohibited waters. Dropping the word "any" from the original statutes, where the clause reads "from any land to land," does not change the intent of the legislature as embodied in R. S., c. 40, § 17. The revision was intended to be more modern without essential change of legal intendment. Construction of penal statutes: *Am. Fur Co.* v. *United States*, 2 Pet. 358; *Brown* v. *Barry*, 3 Dal. 365; *Winslow* v. *Kimball*, 25 Maine, 495.

In *Myer* v. *Western Car Co.*, 102 U. S. 1, the court say: "When in construing the language of a revision of a statute there is substantial doubt as to its meaning, the original statute may be looked to." An island is land as much as a continent in the original act where the language is, small bays, etc., any entrance to the same or any part thereof from any land to land, etc. The entrance to harbors, bays, and inlets is between islands, or they form one part of the boundary to the entrance.

*C. E. Littlefield*, for defendant.

The three nautical miles are to be measured from shore to shore, or from one side of the entrance to the other side. Islands are not land in the sense referred to in the language used, "from land to land." The definition of the word "bay" shows that the shore is the land that bounds the entrance, or any part thereof, as islands are not mentioned as making any part of the bay.

That the word "any" is now eliminated from the statute distinctly negatives the idea that "any land," no matter how trifling, is now intended.

If "entrance," within the meaning of this statute, meant the space between the islands in the "entrance" we should have from three to six entrances to our bays, when the statute clearly contemplates but one. Islands do not make a bay, or bound it, or define it. They may well be in a bay, in its "entrance" or above the entrance; but where a statute, as does this calls for "from land to land" of the "entrance" or in shore of the entrance, the presence of one or more islands in the bay, or in the "entrance," has no tendency to locate such "land."

There can be no question that the land that defines a river, or makes it, is the shore of the mainland that bounds it. The words "from land to land" apply without any distinction to "small bays, inlets, harbors, or rivers." There is nothing in the statute to indicate, that "land" when applied to "rivers" means anything different from the same "land" when applied to "bays or inlets." On the contrary, the necessary inference is that the word "land" means the same thing in each case. Such being the case, as in the case of a "river," it undoubtedly means the shore of the mainland, it also means the shore of the mainland in case of "bays or inlets."

HASKELL, J. Debt for a penalty imposed under c. 261 of the laws of 1885, for taking menhaden with purse or drag seines in a bay, having an entrance of not more than three nautical miles in width from land to land.

The purpose of the statute is to prevent fishing, in the manner prohibited, on waters indenting our coast, where schools of fish run in and are easily surrounded and wholly taken by the use of seines, thereby unreasonably destroying both the fish and the fisheries.

The prohibition is from fishing in any bay, "where any entrance to the same, or any part thereof from land to land, is not more than three nautical miles in width." A bay may extend from headland to headland on the main; but the entrances to it may be numerous. For instance, Casco Bay is embraced by

a sinuous shore terminating at Cape Elizabeth and Small Point, headlands twenty miles distant from each other. Inside of a line between these headlands are more than three hundred islands, some large and others small. Among these islands are numerous entrances to the bay. The width of the entrance is the statute test, not the length of the front towards the ocean. The statute applies to the door of the house, not the front of it. If it were not so, a glance at the chart of our coast would show how useless the statute must be.

The defendant was seining in a land-locked part of Muscongus Bay, among the islands, well up toward its inland extremity, having passed through an entrance not over three nautical miles in width. He passed a forbidden entrance, and has violated both the spirit and letter of the statute.

> *Defendant defaulted. Penalty to be fixed at nisi prius.*

PETERS, C. J., WALTON, VIRGIN, EMERY and FOSTER, JJ., concurred.